FILED-CLERK
U.S. DISTRICT COURT

2008 APR 11  PM 1:48

TX EASTERN-MARSHALL

BY_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

VOXPATH NETWORKS, INC.,

    Plaintiff,

    v.

| | |
|---|---|
| (1) | VERIZON COMMUNICATIONS, INC.; |
| (2) | VERIZON BUSINESS NETWORK SERVICES, INC.; |
| (3) | VERIZON BUSINESS GLOBAL LLC; |
| (4) | APPTIX, INC.; |
| (5) | BANDWIDTH.COM, INC.; |
| (6) | BANDWIDTH.COM CLEC LLC; |
| (7) | BROADVIEW NETWORKS, INC.; |
| (8) | BROADVIEW NETWORKS HOLDINGS, INC.; |
| (9) | COMMPARTNERS LLC; |
| (10) | COVAD COMMUNICATIONS GROUP, INC.; |
| (11) | COX ENTERPRISES, INC.; |
| (12) | COX COMMUNICATIONS, INC.; |
| (13) | EMBARQ CORPORATION; |
| (14) | EMBARQ HOLDINGS COMPANY LLC; |
| (15) | EMBARQ COMMUNICATIONS, INC.; |
| (16) | NEW GLOBAL TELECOM, INC.; AND |
| (17) | NUVIO CORPORATION. |

    Defendants

Civil Action No.

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which VoxPath, Incorporated ("VoxPath") makes the following allegations against Verizon Communications, Inc., Verizon Business Network Services, Inc., Verizon Business Global LLC, Apptix Inc., Bandwidth.com, Inc., Bandwidth.com CLEC LLC, Broadview Networks Inc., Broadview Networks Holdings, Inc.,

CommPartners LLC, Covad Communications Group, Inc., Cox Enterprises, Inc., Cox Communications, Inc., Embarq Corporation, Embarq Holdings Company LLC, Embarq Communications, Inc., New Global Telecom, Inc., and Nuvio Corporation (collectively the "Defendants")

## PARTIES

1    Plaintiff VoxPath Networks, Inc., ("VoxPath") is a Texas corporation with its principal place of business at 2905 San Gabriel, Suite 212, Austin, TX 78746

2.    On information and belief, Defendant Verizon Communications, Inc. ("Verizon") is a Delaware corporation with its corporate headquarters and principal place of business at 140 West Street, New York, NY 10007   Verizon may be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3    On information and belief, Defendant Verizon Business Network Services, Inc., a division of Verizon Communications, Inc. ("Verizon Business") is a Delaware corporation with its corporate headquarters and principal place of business at 1 Verizon Way, Basking Ridge, NJ 07920-1025   Verizon Business is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

4    On information and belief, Defendant Verizon Business Global LLC ("Verizon Business Global") is a Delaware limited liability company with its corporate headquarters and principal place of business at 1 Verizon Way, Basking Ridge, NJ 07920-1025   Verizon Business Global may be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

5.    On information and belief, Defendant Apptix, Inc. ("Apptix") is a Florida corporation with its corporate headquarters and principal place of business at 13461 Sunrise Valley Dr., Suite 300, Herndon, VA 20171. Apptix may be served via its registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

6    On information and belief, Defendant Bandwidth.com, Inc. ("Bandwidth") is a Delaware corporation with its corporate headquarters and principal place of business at 4001 Weston Parkway, Suite 100, Cary, NC 27513. Bandwidth may be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.    On information and belief, Defendant Bandwidth.com CLEC, LLC. ("Bandwidth LLC") is a Delaware limited liability company with its corporate headquarters and principal place of business at 4001 Weston Parkway, Suite 100, Cary, NC 27513. Bandwidth LLC may be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8    On information and belief, Defendant Broadview Networks, Inc. ("Broadview") is a New York corporation with its corporate headquarters and principal place of business at 800 Westchester Avenue, Suite N501, Rye Brook, NY 10573. Broadview may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

9.    On information and belief, Defendant Broadview Networks Holdings, Inc. ("Broadview Holdings") is a Delaware corporation with its corporate headquarters and principal place of business at 800 Westchester Avenue, Suite N501, Rye Brook, NY 10573. Broadview Holdings may be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3

10. On information and belief, Defendant CommPartners LLC ("CommPartners") is a Nevada limited liability company with its corporate headquarters and principal place of business at 3291 N Buffalo Drive, Suite 150, Las Vegas, NV 89129. CommPartners may be served via its registered agent at David S Clark, 3291 N Buffalo Drive, #8, Las Vegas, NV 89129.

11. On information and belief, Defendant Covad Communications Group, Inc. ("Covad") is a Delaware corporation with its corporate headquarters and principal place of business at 110 Rio Robles, San Jose, CA 95134. Covad may be served via its registered agent at National Registered Agents, Inc , 160 Greentree Drive, Suite 101, Dover, DE 19904.

12. On information and belief, Defendant Cox Enterprises, Inc ("Cox") is a Delaware corporation with its corporate headquarters and principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, GA 30328. Cox may be served via its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808

13. On information and belief, Defendant Cox Communications, Inc , a subsidiary of Cox Enterprises, Inc , ("Cox Communications") is a Delaware corporation with its corporate headquarters and principal place of business at 1400 Lake Hearn Drive, Atlanta, GA 30319. Cox Communications may be served via its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

14 On information and belief, Defendant Embarq Corporation ("Embarq") is a Delaware corporation with its corporate headquarters and principal place of business at 5454 W 110th Street, Overland Park, KS 66211 Embarq may be served via its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808

15. On information and belief, Defendant Embarq Holdings Company, LLC ("Embarq Holdings") is a Delaware limited liability company with its corporate headquarters and principal

4

place of business at 5454 W. 110th Street, Overland Park, KS 66211. Embarq may be served via its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

16. On information and belief, Defendant Embarq Communications, Inc. ("Embarq Communications") is a Delaware corporation with its corporate headquarters and principal place of business at 5454 W. 110th Street, Overland Park, KS 66211. Embarq Communications may be served via its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

17. On information and belief, Defendant New Global Telecom, Inc. ("New Global") is a Delaware corporation with its corporate headquarters and principal place of business at 600 12th Street, Suite 200, Golden, CO 80401. New Global may be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

18. On information and belief, Defendant Nuvio Corporation ("Nuvio") is a Delaware corporation with its corporate headquarters and principal place of business at 8500 W. 110th Street, Overland, KS 66210. Nuvio may be served via its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington DE 19808.

## JURISDICTION AND VENUE

19. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5

20.    Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).    On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

21    On information and belief, Defendant Verizon is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

22.    On information and belief, Defendant Verizon Business is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

23    On information and belief, Defendant Verizon Business Global is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business (for example by exercising ownership and control over mci.com for the purpose of soliciting business in the State of Texas), engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

24. On information and belief, Defendant Apptix is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

25. On information and belief, Defendant Bandwidth is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

26. On information and belief, Defendant Bandwidth LLC is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

27. On information and belief, Defendant Broadview is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

28. On information and belief, Defendant Broadview Holdings is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

29. On information and belief, Defendant CommPartners is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30. On information and belief, Defendant Covad is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31. On information and belief, Defendant Cox is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

32    On information and belief, Defendant Cox Communications is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

33.    On information and belief, Defendant Embarq is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

34    On information and belief, Defendant Embarq Holdings is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

35    On information and belief, Defendant Embarq Communications is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long

9

Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

36.    On information and belief, Defendant New Global is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

37.    On information and belief, Defendant Nuvio is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,068,646**

38.    VoxPath is the owner by assignment of United States Patent No. 7,068,646 ("the '646 Patent") entitled "System and Methods for Performing IP Telephony including Internal and External Call Sessions." The '646 Patent issued on June 27, 2006. A true and correct copy of the '646 Patent is attached as Exhibit A

39. Upon information and belief, Defendant Verizon is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Verizon makes, sells and uses a method for performing IP telephony that offers PBX functionality over the internet. Defendant Verizon installs and supports session initiating protocol-aware firewalls. The firewalls filter VoIP signaling based on the source IP address and allow SIP messages that originate from proxies to reach the IP phones. Defendant Verizon's system has the ability to provide a business user a secure, internal, direct phone service apart from the external phone service to prevent the number of calls from exceeding the capacity. Defendant Verizon is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

40. Upon information and belief, Defendant Verizon Business is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Verizon Business makes, sells and uses a method for performing IP telephony that offers PBX functionality over the internet. Defendant Verizon Business installs and supports session initiating protocol-aware firewalls. The firewalls filter VoIP signaling based on the source IP address and allow SIP messages that originate from proxies to reach the

IP phones. Defendant Verizon Business's system has the ability to provide a business user a secure, internal, direct phone service apart from the external phone service to prevent the number of calls from exceeding the capacity. Defendant Verizon Business is thus liable for infringement of the '646 Patent pursuant to 35 U S C § 271

41     Upon information and belief, Defendant Verizon Business Global is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Verizon Business Global makes, sells and uses a method for performing IP telephony that offers PBX functionality over the internet. Defendant Verizon Business Global installs and supports session initiating protocol-aware firewalls. The firewalls filter VoIP signaling based on the source IP address and allow SIP messages that originate from proxies to reach the IP phones. Defendant Verizon Business Global's system has the ability to provide a business user a secure, internal, direct phone service apart from the external phone service to prevent the number of calls from exceeding the capacity. Defendant Verizon Business Global is thus liable for infringement of the '646 Patent pursuant to 35 U S C § 271.

42     Upon information and belief, Defendant Apptix is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods

12

covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Apptix makes, sells and uses a method for performing IP telephony which includes a Hosted IP-PBX. Defendant Apptix's services include a Business-Class Call Management feature that has the ability to provide a secure, internal, direct phone service apart from the external phone service. Defendant Apptix is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

43. Upon information and belief, Defendant Bandwidth is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Bandwidth makes, sells and uses a method for performing IP telephony that provides a full range of PBX-type features. Defendant Bandwidth's Hosted NAT traversal enables VoIP calls to traverse existing data firewalls/NAT devices at a customer's premises. Defendant Bandwidth offers a Bandwidth Voice service that can connect multi-site company locations and remote employees with a single dialing plan, creating a virtual campus environment with intra-company 4- or 5-digit dialing. Defendant Bandwidth is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

44. Upon information and belief, Defendant Bandwidth LLC is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various

13

websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath Specifically, Defendant Bandwidth LLC makes, sells and uses a method for performing IP telephony that provides a full range of PBX-type features  Defendant Bandwidth LLC's Hosted NAT traversal enables VoIP calls to traverse existing data firewalls/NAT devices at a customer's premises  Defendant Bandwidth LLC offers a Bandwidth Voice service that can connect multi-site company locations and remote employees with a single dialing plan, creating a virtual campus environment with intra-company 4- or 5-digit dialing  Defendant Bandwidth LLC is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271

45    Upon information and belief, Defendant Broadview is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath  Specifically, Defendant Broadview makes, sells and uses a method for performing IP telephony that offers Hosted IP PBX service  Defendant Broadview's service allows VoIP calls to traverse existing data firewalls/NAT devices at a customer's premises  Defendant Broadview's Office Suite provides Hosted IP telephony solutions for businesses, including the ability for individual employees to directly call any other extension in a company  Defendant Broadview is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271

46    Upon information and belief, Defendant Broadview Holdings is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing

to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath Specifically, Defendant Broadview Holdings makes, sells and uses a method for performing IP telephony that offers Hosted IP PBX service. Defendant Broadview Holdings' service allows VoIP calls to traverse existing data firewalls/NAT devices at a customer's premises. Defendant Broadview Holdingss Office Suite provides Hosted IP telephony solutions for businesses, including the ability for individual employees to directly call any other extension in a company Defendant Broadview Holdings is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271

47. Upon information and belief, Defendant CommPartners is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant CommPartners makes, sells and uses a method for performing IP telephony that offers a Hosted IP PBX. Defendant CommPartners uses session border controllers to provide NAT traversal Defendant CommPartners offers IP Select and IP Complete for businesses to provide the ability to have direct, internal phone service for employees Defendant CommPartners is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

48.    Upon information and belief, Defendant Covad is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath.    Specifically, Defendant Covad makes, sells and uses methods for performing IP telephony that offers hosted VoIP for businesses.    Defendant Covad offers Covad Clear Edge Pro Voice service, which allows an employee to make a direct, internal call to another employee.    Defendant Covad is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

49.    Upon information and belief, Defendant Cox is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath.    Specifically, Defendant Cox makes, sells and uses a method for performing IP telephony that offers PBX functionality over IP connections.    Defendant Cox features, at least, its Cox Business Voice Manager, that connects every employee to a remote hub over a private hosted network, featuring extension dialing, call transfer, call park, and call pickup – all internal features apart from the external phone service.    Defendant Cox's system has the ability to provide its business users internal phone service apart from its external phone service.    Defendant Cox is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

16

50    Upon information and belief, Defendant Cox Communications is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Cox Communications makes, sells and uses a method for performing IP telephony that offers PBX functionality over IP connections. Defendant Cox Communications features, at least, its Cox Business Voice Manager, that connects every employee to a remote hub over a private hosted network, featuring extension dialing, call transfer, call park, and call pickup – all internal features apart from the external phone service. Defendant Cox Communications' system has the ability to provide its business users internal phone service apart from its external phone service. Defendant Cox Communications is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

51.    Upon information and belief, Defendant Embarq is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Embarq makes, sells and uses a method for performing IP telephony that offers PBX functionality over the internet. Defendant Embarq's Business Services includes the ability to

provide an internal direct phone service apart from the external phone service. Defendant Embarq is thus liable for infringement of the '646 Patent pursuant to 35 U S C § 271

52. Upon information and belief, Defendant Embarq Holdings is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Embarq Holdings makes, sells and uses a method for performing IP telephony that offers PBX functionality over the internet. Defendant Embarq Holdings' Business Services includes the ability to provide an internal direct phone service apart from the external phone service. Defendant Embarq Holdings is thus liable for infringement of the '646 Patent pursuant to 35 U S.C. § 271.

53 Upon information and belief, Defendant Embarq Communications is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Embarq Communications makes, sells and uses a method for performing IP telephony that offers PBX functionality over the internet. Defendant Embarq Communications' Business Services includes the ability to provide an internal direct phone

service apart from the external phone service. Defendant Embarq Communications is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

54. Upon information and belief, Defendant New Global is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant New Global makes, sells and uses a method for performing IP telephony that includes Hosted IP PBX. Defendant New Global features Hosted NAT traversal to permit VoIP calls to securely travel across the internet and through the NAT device on the customer's site. Defendant New Global provides business phone service which allows employees to make internal, direct calls to other employees. Defendant New Global is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

55. Upon information and belief, Defendant Nuvio is now and has been directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, offering the patented system for sale on various websites, making and having made systems that incorporate the patented methods, and using methods covered by one or more claims of the '646 Patent to the injury of VoxPath. Specifically, Defendant Nuvio makes, sells and uses a method for performing IP telephony that includes a full-service PBX phone system. Defendant Nuvio uses session border controllers to provide NAT traversal. Defendant Nuvio's nPBX provides businesses the ability to make Call Transfer

– a site-to-site phone call. Defendant Nuvio is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

56. Defendants have actively induced and are actively inducing infringement of the '646 Patent and are liable for contributory infringement of the '646 Patent.

57. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '646 Patent complied with such requirements.

58. On information and belief, at least after the filing of the present Complaint, the Defendants have infringed and continue to willfully infringe the '646 Patent.

59. As a result of these Defendants' infringement of the '646 Patent, VoxPath has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

60. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '646 Patent, VoxPath will be greatly and irreparably harmed.

### PRAYER FOR RELIEF

WHEREFORE, VoxPath respectfully requests that this Court enter:

1. A judgment in favor of VoxPath that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '646 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others in active concert therewith from violating VoxPath's rights;

20

3.    A judgment and order requiring Defendants to pay VoxPath its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '646 Patent as provided under 35 U.S.C. § 284;

4.    A judgment in favor of VoxPath that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '627 Patent, and that such infringement was willful;

5.    An award to VoxPath for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

6.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to VoxPath its reasonable attorneys' fees; and

7.    Any and all other relief to which VoxPath may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 11, 2008

Respectfully submitted,

By: /s/Daniel F. Perez
Daniel F. Perez
Texas Bar No. 15776380
The Perez Law Firm
6131 Park Lane
Dallas, Texas 75225
Telephone:        (214) 289-6659
dan@pereziplaw.com

David M. Pridham
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
Telephone:        (401) 633-7247
Fax:              (401) 633-7247
E-mail: david@pridhamiplaw.com

Andrew Wesley Spangler
Spangler Law PC
104 E Houston St
Suite 135
Marshall, TX 75670
Telephone:        (903) 935-3443
Fax:              (903) 938-7843
Email: spangler@spanglerlawpc.com

Patrick R. Anderson
Michigan Bar No. P68961
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9
Suite 358
Flint, MI 48507
Telephone:        (517) 303-4806
Fax:              (413) 683-0614
E-mail: patrick@prapllc.com

**ATTORNEYS FOR PLAINTIFF
VOXPATH NETWORKS, INC.**